UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**JERRY L. HOFFMAN, JR.,**

    **Plaintiff,**

v.                                          Case No.: 1:21-CV-57-AW-GRJ

**SERGEANT BRYAN LANDIS,**
et al.

    **Defendants.**
_____/

**DEFENDANT BRYAN LANDIS' ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Bryan Landis, by and through his undersigned counsel, files this his answer and affirmative defenses to Plaintiff's amended complaint [ECF No. 20, hereinafter "complaint"], and states as follows:

**INTRODUCTION**

1.    Admitted that Plaintiff has brought a lawsuit. To the extent, however, that the bringing of this action gives rise to any inference that Landis engaged in any unlawful or tortuous conduct, such inference is denied. Similarly, Landis denies Plaintiff is entitled to any of the relief sought in the complaint. The remainder of this paragraph is denied.

2.    Admitted that Plaintiff has brought a lawsuit. The remainder of this

paragraph is denied.

## JURISDICTION AND VENUE

3. Admitted that Plaintiff has brought a lawsuit. To the extent, however, that the bringing of this action gives rise to any inference that Landis engaged in any unlawful or tortuous conduct, such inference is denied. Similarly, Landis denies Plaintiff is entitled to any of the relief sought in the complaint, or any relief whatsoever.

4. Admitted that all incidents material to this action occurred in Levy County, Florida, and that venue is proper in the Gainesville Division of the Northern District of Florida.

## PARTIES

5. Without knowledge, therefore denied.

6. Admitted.

7. Admitted.

8. Admitted that Plaintiff was in the City of Williston on July 3, 2020. Regarding the remainder of this paragraph, without knowledge, therefore denied.

9. Admitted that Landis was in a police vehicle in the City of Williston near an abandoned hospital on July 3, 2020, and that he was "on duty" at that time. Regarding the remainder of this paragraph, without knowledge, therefore denied.

10.     Admitted that Landis' police vehicle was parked in a manner that it was only visible from the front side. Admitted that the police vehicle had been backed into the space. The remainder of this paragraph is denied.

11.     Without knowledge, therefore denied.

12.     Without knowledge, therefore denied.

13.     Without knowledge, therefore denied.

14.     Without knowledge, therefore denied.

15.     Without knowledge, therefore denied.

16.     Denied.

17.     Without knowledge regarding the distance between Landis' patrol vehicle and Plaintiff. The remainder of this paragraph is admitted.

18.     Regarding the first two sentences of this paragraph, without knowledge, therefore denied. The remainder of the paragraph is denied.

19.     Denied.

18.     Denied.[1]

19.     Denied.[2]

20.     Admitted.

21.     Denied.

---

[1]     Plaintiff's amended complaint contains two paragraphs numbered 18.
[2]     Plaintiff's amended complaint contains two paragraphs numbered 19.

22. Denied.

23. Admitted that Plaintiff stated he had committed no crime. The remainder of the paragraph is denied.

24. Admitted that Landis asked Plaintiff to give him his phone. The remainder of the paragraph is denied.

25. Admitted that Landis asked Plaintiff for identification. The remainder of the paragraph is denied.

26. Denied.

27. Admitted.

28. Admitted that as Plaintiff left the area, Landis instructed him to continue to leave the area. The remainder of the paragraph is denied.

29. Admitted.

30. Admitted.

31. Denied.

31. Denied.[3]

32. Denied.

33. Admitted.

34. Denied.

---

[3] Plaintiff's amended complaint contains two paragraphs numbered 31.

34. Without knowledge, therefore denied.[4]

35. Without knowledge, therefore denied.

36. Denied.

37. Admitted.

38. Denied.

39. Denied.

40. Admitted.

41. Admitted

42. Admitted.

43. Denied that Cervone ever stated that Landis "was prone to violate the civil rights of citizens with violence," or to "lie about doing it." The remainder of this paragraph is denied.

44. Denied that Plaintiff was subjected to violations or that he incurred damages. The remainder of the paragraph is denied.

45. Without knowledge, therefore denied.

46. Denied that Plaintiff was subjected to violations or that he incurred damages. The remainder of the paragraph is denied.

47. Admitted.

48. Denied.

---

[4] Plaintiff's amended complaint contains two paragraphs numbered 34.

## COUNT I – 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT LANDIS

49. Paragraph 49 incorporates prior allegations. Prior responses are incorporated as well as if fully set forth herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

Denied that Plaintiff is entitled to the relief sought in the *ad damnum* clause in this Count, or any relief whatsoever.

## COUNT II – 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT CITY

Landis is not a party to this Count, and declines to respond to the allegations as contained therein.

## AFFIRMATIVE DEFENSES

1. No state or federally protected right of Plaintiff has been infringed or violated.

2. At all times pertinent hereto, Landis was acting within the scope of his employment as a police officer employed by the City of Williston, and was not violating clearly established law of which a reasonable officer would be aware. Landis' actions were taken pursuant to his discretionary authority, and his conduct did not violate any clearly established statutory or constitutional right of which a

reasonable person would have known. Furthermore, at all times material, Landis acted in good faith, reasonably and without malice in the course and scope of his duties towards Plaintiff. Thus, he is entitled to qualified immunity for all claims made against him individually.

3. Plaintiff's complaint fails to state a cause of action upon which relief can be granted, and Landis is entitled to judgment in his favor.

4. Plaintiff is barred from recovery for any period in which he failed to mitigate damages.

5. Any injurious results about which Plaintiff complains were the result of Plaintiff's own actions or omissions, and any award of damages should be reduced by the *pro rata* share of fault attributable to them.

6. Landis cannot be liable for the alleged injuries to Plaintiff or other damages, because Plaintiff has not alleged and cannot establish that Landis caused the alleged injuries or other damages.

7. Plaintiff's damages, if any, should be reduced by any amounts received or available to be received from collateral sources or as otherwise allowed by applicable law.

8. Any actions taken by Landis were in furtherance of legitimate law enforcement and/or investigatory purposes, and would have been taken even in the absence of Plaintiff's alleged exercise of protected activities.

9. All actions of Landis were reasonable and privileged and undertaken for the purpose of accomplishing lawful objectives.

10. All of Landis' actions were lawful and privileged in that he was acting in his capacity as a law enforcement officer, and any actions were reasonable and necessary and applied while acting in furtherance of a lawful purpose.

11. Actions attributable to Landis at worst constitute mere negligence which fail to state a claim for violation of an individual's civil or constitutional rights under 42 U.S.C. § 1983.

WHEREFORE, Defendant Bryan Landis, having fully answered Plaintiff's amended complaint and having denied all liability, respectfully prays judgment be entered in his favor and he be awarded his attorney's fees, costs, and expenses, as allowable pursuant to applicable law.

Respectfully submitted this 26 day of July, 2021.

> _/s/ Matthew J. Carson_
> **MATTHEW J. CARSON**
> Florida Bar No. 0827711
> Email: mcarson@sniffenlaw.com
> **MICHAEL P. SPELLMAN**
> Florida Bar No. 0937975
> Email: mspellman@sniffenlaw.com
> **SNIFFEN & SPELLMAN, P.A.**
> 123 North Monroe Street
> Tallahassee, Florida 32301
> Telephone: (850) 205-1996
> Facsimile: (850) 205-3004
> _Attorneys for Defendant Bryan Landis_

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent via the Court's CM/ECF system to counsel of record this 26th day of July, 2021.

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**