UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JERRY L. HOFFMAN, JR.,

      CASE NO.: 1:21-cv-57-AW-GRJ

    Plaintiff,

v.

CITY OF WILLISTON and
BRYAN LANDIS, Former City of
Williston Police Officer, in his
individual capacity,

    Defendants.

_____

## DEFENDANT CITY OF WILLISTON'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, City of Williston, ("the City") by and through undersigned counsel, answers Plaintiff's Amended Complaint (ECF 20) as follows:

### INTRODUCTION

1. The City acknowledges that Plaintiff is suing for the claims alleged, but denies violating the law as alleged.

2. The City admits that Plaintiff is a United States Citizen. The remaining allegations of this paragraph are denied.

### JURISDICTION AND VENUE

3. The City admits that the Court has jurisdiction over the claims

alleged, but denies liability for violating the laws alleged.

4.  Admitted that the City of Williston is in Levy County and that venue is proper in this Court. Otherwise denied.

## PARTIES

5.  The City admits that plaintiff is an adult citizen of the United states. The City is without knowledge of the remaining allegations of this paragraph; therefore, denied.

6.  Admitted.

7.  Admitted that Defendant, Bryan Landis, was employed by the City of Williston as a police officer on July 3, 2020. Otherwise denied.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.  Without knowledge; therefore, denied.

9.  Without knowledge; therefore, denied.

10. Without knowledge; therefore, denied.

11. Without knowledge; therefore, denied.

12. Without knowledge; therefore, denied.

13. Without knowledge; therefore, denied.

14. Without knowledge; therefore, denied.

15. Without knowledge; therefore, denied.

16. Without knowledge; therefore, denied.

17. Without knowledge; therefore, denied.

18. Without knowledge of first two sentences; therefore, denied. The third sentence is denied.

19. Without knowledge; therefore, denied.

18. [sic][1]   Without knowledge; therefore, denied.

19. [sic]   Without knowledge; therefore, denied.

20. Without knowledge; therefore, denied.

21. Without knowledge; therefore, denied.

22. Without knowledge; therefore, denied.

23. Without knowledge; therefore, denied.

24. Without knowledge; therefore, denied.

25. Without knowledge; therefore, denied.

26. Without knowledge; therefore, denied.

27. Admitted.

28. Without knowledge; therefore, denied.

29. Admitted.

30. Admitted.

---

[1] Plaintiff's Amended Complaint improperly numbers paragraphs. It has two paragraphs numbered 18, 19 and 34 and contains other numbering mistakes throughout. The City's answer follows the incorrect numbering system in the Amended Complaint.

31.  Without knowledge; therefore, denied.

31.[sic]  Without knowledge; therefore, denied.

32.  As for the legal conclusions, the City states that the law speaks for itself.  Otherwise, denied.

33.  The City admits that Plaintiff complained about Landis' actions and that the City investigated his complaint by using an investigator with the Gainesville Police Department.  As for the remaining allegations, without knowledge; therefore, denied.

34.  Concerning the investigations, the investigation documents will speak for themselves.

34. [sic]  Without knowledge; therefore, denied.

35.  Without knowledge; therefore, denied.

36.  The City admits that the state attorney issued a Giglio letter to the City concerning Landis.  Regarding the remaining allegations, without knowledge; therefore, denied.

37.  Admitted.

38.  Denied.

39.  Denied.

40.  Denied.

41.  Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied that Landis was not properly trained.  The remaining allegations are denied.

46. Denied, as alleged.

47. Admitted.

48. Admitted that Landis should have been wearing his body camera.  Otherwise, without knowledge; therefore denied.

**COUNT I – 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT LANDIS**

The City is not named in Count I; therefore it is not responding to the allegations in Count I.

**COUNT II – 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT CITY OF WILLISTON**

54. The City restates its responses to paragraphs 1 through 48, above.

52. [sic]    Denied.

53. [sic]    Denied.

54. [sic]    Denied.

55. Denied.

56. Denied.

57. Denied.

58. The City is without knowledge of the contractual arrangement between Plaintiff and his attorney; therefore, denies this allegation. The remaining allegations are denied.

The City denies Plaintiff's Wherefore Clause and the relief sought therein.

## DEMAND FOR A JURY TRIAL

The City demands a jury trial of all issues so triable.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Without admitting that Plaintiff suffered any damages, the City asserts that Plaintiff failed to mitigate his damages and by this failure has contributed to the injuries and damages for which he seeks relief. Accordingly, Plaintiff's damages should be barred or reduced.

## SECOND AFFIRMATIVE DEFENSE

The City is entitled to a set-off for any discounts, reductions, write-offs or negotiated agreements of all costs associated with any medical diagnosis or treatment costs incurred by Plaintiff as a result of the alleged injuries in the Amended Complaint.

## **THIRD AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted based on the facts alleged and the law.

## **FOURTH AFFIRMATIVE DEFENSE**

Any injurious result about which Plaintiff complains was the result of PLAINTIFF'S own actions or omissions and any award of damages should be reduced by the pro rata share of fault attributable to him.

**MARKS GRAY, P.A.**

*/s/ Susan S. Erdelyi*
Susan S. Erdelyi, Esquire
Florida Bar No.:  0648965
Kendall S. Mabry, Esquire
Florida Bar No.: 1025543
1200 Riverplace Blvd., Suite 800
Jacksonville, Florida  32207
Phone:  (904) 398-0900
Fax:  (904) 399-8440
serdelyi@marksgray.com
kmabry@marksgray.com
jmcduffie@marksgray.com
Attorneys for Defendant City of Williston

## **CERTIFICATE OF SERVICE**

I CERTIFY that on this 5th day of August, 2021, a true and correct copy of the foregoing document was electronically filed in the U.S. District Court, Northern District of Florida, using the CM/ECF system which will send a notice of electronic filing to:

>Donald E. Pinuad, Jr.
>4495-304 Roosevelt Blvd., #202
>Jacksonville, Florida 32210
>don@allfloridajustice.com
>*Attorneys for Plaintiff*
>
>Matthew J. Carson
>Michael P. Spellman
>123 North Monroe Street
>Tallahassee, Florida 32301
>mcarson@sniffenlaw.com
>mspellman@sniffenlaw.com
>*Attorneys for Defendant Bryan Landis*

                                                            /s/   *Susan S. Erdelyi*
                                                            Attorney